# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WOODROW DIXON, | : | MOTION TO VACATE |
| BOP ID 63815-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:17-CV-377-ODE-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:12-CR-205-1-ODE-CMS |

## FINAL REPORT AND RECOMMENDATION

Proceeding *pro se*, Woodrow Dixon has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See* [337]. For the reasons stated below, I **RECOMMEND** that Dixon's § 2255 motion be **DISMISSED** and that a Certificate of Appealability be **DENIED**.

After a jury trial in November 2013, Dixon was convicted for participating in a "conspiracy to rob a cocaine stash house." *United States v. Dixon*, 626 F. App'x 959, 961 (11th Cir. 2015), *cert. denied* 136 S. Ct. 991 (2016). "Unknown to [Dixon and his co-conspirators], there was no cocaine stash and no house"; they were caught, rather, in "a reverse sting operation," and prosecuted for taking "substantial steps to prepare for the robbery." *Id.*

Dixon's convictions and sentence were affirmed on direct appeal, and, on January 25, 2016, the Supreme Court denied Dixon's petition for a writ of certiorari. *See id.*

Dixon's convictions and sentence became "final" when the Supreme Court denied certiorari, *see, e.g.*, *Clay v. United States*, 537 U.S. 522, 527 ("[f]inality attaches when [the Supreme] Court . . . denies a petition for a writ of certiorari"), and the one-year federal limitation period for filing a § 2255 motion began to run on that date as well, *see* 28 U.S.C. § 2255(f)(1). This one-year federal limitation period is highlighted for prisoners on this Court's § 2255 motion form. *See, e.g.,* [337] at 12.

Under the "mailbox rule," a "prisoner's *pro se* § 2255 motion is deemed filed [on] the date it is delivered to prison authorities for mailing." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Indeed, this Court's § 2255 motion form also specifically includes a paragraph directing the filer to state the date on which "this Motion Under 28 U.S.C. § 2255 was placed in the prison mail system." [337] at 13.

Dixon, however, failed to complete the paragraph asking him to certify the mailing date for his § 2255 motion. *See id.* Moreover, Dixon also failed to sign and date either his § 2255 motion or an accompanying

memorandum of law.  *See* [337] at 13; [337-1] at 19.[1]  Indeed, the only "mailing date" that appears on any document submitted by Dixon in connection with his § 2255 motion is a United States Postal Service postage sticker dated "JAN 27, 17."  *See* [337-7] at 1.

Because the one-year limitation period began to run on January 25, 2016, and Dixon nonetheless waited until January 27, 2017, to mail his § 2255 motion, his § 2255 motion is untimely.

Consequently, because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," this Court "must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b).

---

[1]  Dixon's failure to sign his § 2255 motion and accompanying memorandum of law is problematic in a second respect because this Court "must strike" unsigned papers "unless the omission is promptly corrected after being called to [a party's] attention."  Fed. R. Civ. P. 11 (a).  *See also* 28 U.S.C. foll. § 2255, Rule 12 ("The Federal Rules of Civil Procedure . . ., to the extent they are not inconsistent with any statutory provision or [Rule Governing § 2255 Proceedings for the United States District Courts] may be applied to a proceeding under these rules.").  Accordingly, if Dixon objects to this Final Report and Recommendation, I **ORDER** him to include with his Objections *signed* copies of his § 2255 motion and memorandum of law, if he wishes to avoid having both papers struck from the record.  Failure to comply with this Order may constitute an additional basis for dismissal.  *See* LR 41.3A(2), NDGa.

Furthermore, because Dixon's § 2255 motion is untimely, it is clear that he does not meet the requisite standards to receive a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 22nd day of March, 2017.

_Catherine Salinas_
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

4