IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WOODROW DIXON, JR., BOP ID 63815-019, Movant, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | : : : | CIVIL ACTION NO. 1:17-CV-377-ODE |
| UNITED STATES OF AMERICA, Respondent. | : : : | CRIMINAL ACTION NO. 1:12-CR-205-1-ODE |

## ORDER

This matter is before the Court on (A) Woodrow Dixon, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 337), (B) Magistrate Judge Catherine Salinas' Final Report and Recommendation ("R&R") (Doc. 340), and (C) Dixon's Motion in Opposition (construed as his Objections) (Doc. 345).

The R&R found and concluded that Dixon's § 2255 motion was untimely filed because more than one year elapsed between January 25, 2016 (the date Dixon's petition for a writ of certiorari was denied by the Supreme Court), and January 27, 2017 (the mailing date indicated on the envelope in which Dixon submitted his § 2255 motion). See (Doc. 340 at 2-3); see also 28 U.S.C. § 2255(f)(1). The R&R acknowledged that prisoners generally get the benefit of the "mailbox rule" when submitting filings, but noted that Dixon had failed to sign and date both his § 2255 motion and accompanying memorandum of law, and thus had failed to provide

any evidence that he delivered his filings to prison officials for mailing before January 27, 2017. See (Doc. 340 at 2-3). The R&R also directed Dixon's attention to his failure to sign his § 2255 motion and memorandum of law, and ordered him to sign and resubmit both documents if he wished to avoid having them struck pursuant to Federal Rule of Civil Procedure 11(a). See (Doc. 340 at 3 n.1). Finally, the R&R recommended that a Certificate of Appealability be denied because Dixon's § 2255 motion was untimely and he did not meet the requisite standards. See (Doc. 340 at 4).

In his Objections, Dixon stated that "he timely filed his Motion under § 2255 [because it] bears a postmark showing that the legal document was mailed on . . . January 25, 2017." (Doc. 345 at 1). Dixon further stated that the R&R "clearly erred in its determination and finding that Movant . . . did not [certify] the mailing date for his § 2255 motion [and] did not sign and date either his § 2255 motion or an accompanying memorandum of law." (Doc. 345 at 2). Thus, Dixon asserted that "the record clearly shows that Movant . . . timely filed his motion on January 25, 2017." (Doc. 345 at 2). Dixon, however, appended no material to his Objections in support of these conclusory claims.

In light of Dixon's Objections, the Court has reviewed the R&R and the record in this case de novo. See 28 U.S.C. § 636(b)(1). Furthermore, because Dixon is proceeding pro se, the Court has also

construed his filings liberally. See, e.g., Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Contrary to Dixon's claims in his Objections, his § 2255 motion and memorandum of law are undated and unsigned. See (Doc. 337 at 13) & (Doc. 337-1 at 19). Moreover, the only mailing date reflected in the record is "JAN 27, 17," as indicated on the postage label referenced by the R&R. See (Doc. 337-7 at 1). It thus plainly appears from "the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief" because his § 2255 motion was untimely filed and that this Court "must dismiss the motion." 28 U.S.C. foll. § 2255, Rule 4(b).

Furthermore, because the R&R brought the absence of signatures on the § 2255 motion and memorandum of law to Dixon's attention and he failed promptly to correct that omission, this Court "must strike" both filings. Fed. R. Civ. P. 11(a).

Accordingly, (A) Dixon's Objections are **OVERRULED**, (B) Dixon's § 2255 motion and memorandum of law are **STRUCK FROM THE RECORD**, (C) the R&R is **APPROVED** and **ADOPTED** as the Order of the Court, as supplemented herein, (D) this case is **DISMISSED**, and (E) a Certificate of Appealability is **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED**, this ___8___ day of May, 2017.

_/s/ Orinda D. Evans_
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

4