UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>WOODROW RUDOLPH DIXON, JR.,<br><br>        Defendant. | CRIMINAL ACTION NO.<br>1:12-CR-00205-JPB-CMS-1 |

## **ORDER**

This matter comes before the Court on Woodrow Rudolph Dixon, Jr.'s ("Defendant") Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 419]. This Court finds as follows:

### **BACKGROUND**

On November 25, 2013, a jury convicted Defendant of conspiracy to commit Hobbs Act robbery (count one); carrying firearms in furtherance of that conspiracy, pursuant to 18 U.S.C. § 924(c) (count two); and conspiracy to possess with intent to distribute at least five kilograms of a mixture or substance containing cocaine (count three). [Doc. 209]. Defendant was sentenced on July 17, 2014, to 120 months as to each count. [Doc. 269, p. 2]. The sentences for counts one and three were to run concurrently, while the sentence for count two was to run

consecutively.  Id.  Defendant was thus sentenced to a total term of 240 months.  Id.

Following United States v. Davis, 139 S. Ct. 2319 (2019), and Brown v. United States, 942 F.3d 1069 (11th Cir. 2019), the parties agreed that Defendant's conviction for count two, under § 924(c), had to be set aside and that he needed to be resentenced.  [Doc. 378].  On November 19, 2020, the Court resentenced Defendant to 120 months on count one and 235 months on count three, to run concurrently.  [Doc. 386, p. 2].  Defendant appealed this new sentence as substantively unreasonable, but the Eleventh Circuit Court of Appeals affirmed.  United States v. Dixon, No. 20-14556, 2021 WL 5895533, at *2 (11th Cir. Dec. 14, 2021).

On May 2, 2022, Defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).[1]  [Doc. 419].  Defendant contends that he is eligible for a lower guidelines range and seeks a reduced sentence of 188 months.  The Government agrees that Defendant is eligible for a two-level reduction to his guidelines range calculation but opposes any sentence reduction.  See [Doc. 425].

---

[1] Defendant filed this motion *pro se*.  The Court ordered the Government to respond to the motion and appointed counsel for the reply.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c), the Court may modify a term of imprisonment in certain situations. If a defendant was sentenced to a term of imprisonment based on a sentencing range that was later lowered by the United States Sentencing Commission,[2] the Court may "reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

If a defendant is eligible for a sentence reduction under § 3582(c)(2), the district court must follow a two-step analysis. United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009). "First, the district court must recalculate the defendant's guideline sentencing range based upon the relevant amendment to the Sentencing Guidelines; none of the other guideline determinations made during the original sentencing may be reconsidered or altered." Id. "The next step is for the court to decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence."

---

[2] Specifically, the United States Sentencing Commission periodically reviews and revises the United States Sentencing Guidelines under 28 U.S.C. § 994(o).

United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).  At this second step, the district court "(1) shall consider the factors embodied in . . . § 3553(a); (2) shall consider the nature and seriousness of the danger to any person or the community that may be posed by the reduction; and (3) may consider the post-sentencing conduct of the defendant."  Smith, 568 F.3d at 927.  The Court's "power to reduce sentences under § 3582(c)(2) is discretionary."  United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997).

## ANALYSIS

**1.    Step One:  Amended Guidelines**

The parties in this case agree that Defendant is eligible for a two-level reduction in the guideline range calculation based on Amendment 782.  This amendment, effective November 1, 2014, lowered the penalties for many drug offenses by reducing offense levels in the Sentencing Guidelines.  See U.S.S.G. § 1B1.10(d); United States v. Bell, 652 F. App'x 741, 743 (11th Cir. 2016).

Defendant's original guidelines were as follows:

- Base offense level:  34
- Specific offense characteristic:  +2
- Role:  +2
- Total offense level:  38
- Criminal history category:  I
- Custody Guidelines range:  235 to 293 months

[Doc. 425-1]. Defendant's amended guideline calculations are as follows:

4

- Base offense level:  32
- Specific offense characteristic:  +2
- Role:  +2
- Total offense level:  36
- Criminal history category:  I
- Custody Guidelines range:  188 to 235 months

Id.  As the amended Guidelines calculations show, Defendant is eligible for a reduced sentence.

**2.    Step Two:  Imposition of a Reduced Sentence**

Next, the Court must consider "whether, in its discretion, to retain the original sentence or re-sentence the defendant under the amended guideline range." Smith, 568 F.3d at 927.  In making this determination, the Court must consider the § 3553(a) factors and public safety concerns.  Id.  The Court may also consider the defendant's post-sentencing conduct.  Id.

The Court has considered all of the § 3553(a) factors and determined that a sentence reduction—although not one to the extent requested by Defendant—is appropriate.  In making this determination, the Court has reviewed the parties' briefs (which address the § 3553(a) factors) and the record in full.  Particularly relevant to the Court's decision to reduce Defendant's sentence are his history and characteristics.  However, the nature and circumstances of the offenses—including Defendant's role in the conspiracy and the seriousness of the crimes—as well as

5

the need to provide general and specific deterrence inform the Court's decision to grant a lesser reduction than that requested by Defendant.

The Court has also considered the nature and seriousness of the danger to the community posed by a sentence reduction. Defendant's crimes were dangerous and posed a risk to the community. However, the record shows that Defendant represents a low risk of recidivism and has aged ten years since he committed the offenses at issue. See [Doc. 426, pp. 11–12] (explaining that Defendant received the lowest score in the Bureau of Prisons' assessment of inmates' risk of recidivism); see, e.g., United States v. Smith, 482 F. Supp. 3d 1218, 1226 (M.D. Fla. 2020) ("Statistics show that age exerts a powerful influence on the recidivism rate, which declines as offenders get older."). Additionally, Defendant has no disciplinary record from his time in custody thus far. [Doc. 419, p. 10]. These facts suggest that any risk to the community that may be posed by a reduction in Defendant's sentence is slight. However, this Court cannot overlook the nature of Defendant's offenses and the risks they posed to the community. The Court is therefore unable to grant a sentence reduction to the extent that Defendant requests.

Finally, the Court has exercised its discretion to consider Defendant's post-sentencing conduct and has determined that this factor weighs in favor of a reduction. Defendant has engaged in considerable post-sentencing rehabilitation

efforts. He has completed fifty-three education courses, works as an education orderly and has no disciplinary record. [Doc. 426, p. 9]. Enclosed with Defendant's motion were several letters of recommendation from Bureau of Prisons officials noting Defendant's good conduct while incarcerated and expressing optimism for his reintegration into society upon release. The Court has considered this evidence and determined that it supports the Court's conclusion that Defendant is entitled to a sentence reduction.

## CONCLUSION

Having considered the § 3553(a) factors, the nature and seriousness of the danger to the community and Defendant's post-sentencing conduct, the Court **GRANTS IN PART** Defendant's Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 419]. The Court hereby **REDUCES** Defendant's sentence for count three from 235 months' imprisonment to 211.5 months' imprisonment. All other components of Defendant's sentence shall remain as originally imposed.

**SO ORDERED** this 15th day of June, 2023.

J. P. BOULEE
United States District Judge